# IN THE COURT OF APPEALS OF IOWA

No. 20-0753
Filed June 16, 2021

**BRUCE ALLEN RANKIN,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, Margaret Reyes, Judge.

Bruce Rankin appeals from the denial of his application of postconviction relief. **AFFIRMED.**

Susan R. Stockdale, Colo, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Bruce Rankin appeals from a district court ruling denying his postconviction-relief (PCR) application, which related to his 2018 bench trial and resulting conviction of two counts of indecent contact with a child. In the PCR proceedings, Rankin raised a number of claims but appeals only one issue. He contends the trial court in his criminal case was constitutionally required to conduct a colloquy on the record to ensure he was aware of his right to testify or not testify at the trial and was knowingly, voluntarily, and intelligently waiving that right. He argues if the trial court is required to make a record with regard to his waiver of his right to a jury trial, the trial court should have made a similar record with respect to his waiver of his right to testify. Rankin asserts his trial counsel was ineffective in failing to request the colloquy.

The PCR court observed that in *Schertz v. State*, the supreme court held trial courts are not required to conduct a colloquy concerning a defendant's decision whether or not to testify. 380 N.W.2d 404, 415 (Iowa 1985) (finding the decision of whether to testify is one of trial strategy, a matter in which the trial court should not be involved, and "better left to the criminal defendant and his or her counsel"). The PCR court consequently rejected the claim, finding Rankin's trial counsel was not ineffective for failing to make a meritless request.

On appeal, Rankin asserts *Schertz* should be revisited. However, our supreme court unanimously "decline[d a] defendant's invitation to retreat from our holding in *Schertz*" in 2003. *State v. Reynolds*, 670 N.W.2d 405, 413 (Iowa 2003). This court does not have the authority to overturn supreme court precedent. *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). "We will not find counsel

incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 165, 171 (Iowa 2011). Because Rankin's counsel was not required to raise a meritless claim, his ineffective assistance of counsel claim fails. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) ("To succeed on a claim of ineffective assistance of counsel, a claimant must establish by a preponderance of the evidence: (1) his trial counsel failed to perform an essential duty and (2) this failure resulted in prejudice. Reversal is warranted only where a showing of both of these elements is made." (edited for readability)). We affirm.

**AFFIRMED.**